first instance, and that the amount collected, less whatever costs defendant might pay out, should be equally divided. She did advance $25, and there is no evidence that the costs legitimately chargeable against her amounted to more than that sum. While plaintiff admittedly consented to a settlement for $275, there is no credible evidence that she was consulted about or consented to a settlement for a smaller sum, or to the employment of other counsel. Nor is it made to appear that defendant could not with diligence have recovered the whole $275, if not from the bank, from the defendant in the action, or that it was necessary to retain counsel. If the reduction of the actual recovery for $275 to $200 was justifiable, the burden rested on defendant to prove this fact, and he did not sustain the burden satisfactorily. The jury quite reasonably found against him on his claim that a new agreement was made between plaintiff and himself whereby she agreed that he might keep the whole recovery.

We find no errors in the record of the trial which require a reversal in the interests of justice. The judgment, however, probably by inadvertence, included too large a sum for interest. The defendant became liable to pay interest only when he had actually collected the money. The evidence is that this was on September 18, 1903, and the trial was on May 17, 1905. The interest on $137.50 for one year and eight months is only $13.75, and not $17.18, which was the amount allowed for interest in the judgment.

The judgment should therefore be reduced to the sum of $168.25, and, as so modified, affirmed, with costs. All concur.

---

(48 Misc. Rep. 632)

## In re BOOM.

### (Supreme Court, Appellate Term. November 29, 1905.)

BANKRUPTCY—DISCHARGE OF BANKRUPT—EFFECT—DEBTS NOT SCHEDULED.

> A bankrupt, who failed to schedule a debt, consisting of a judgment, as required by the bankruptcy law, though by reasonable effort he could have obtained sufficient information so to do, cannot, after his final discharge, obtain a cancellation of the judgment under Code Civ. Proc. § 1268, providing that a bankrupt discharged from his debts may, on proof of his discharge, obtain the cancellation of judgments against him.

Appeal from City Court of New York.

Application by Maurice Boom, a bankrupt, for the cancellation of a judgment entered against him by Mary E. Mackintosh. From an order denying the application, Maurice Boom appeals. Affirmed.

The judgment was obtained June 7, 1894, and Maurice Boom obtained his discharge December 12, 1900.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

M. Strassman, for appellant.
W. E. Benjamin, for respondent.

PER CURIAM. This application is made under section 1268 of the Code of Civil Procedure. An examination of the record shows

that the appellant bankrupt failed in several respects to comply with the bankruptcy law relating to the scheduling of claims. It appears that by reasonable effort on the part of the bankrupt he could have ascertained sufficient information to enable him to comply with the law. The decree of the bankruptcy court did not operate to discharge the debt, for the reason that it was not duly scheduled.

The order appealed from must be affirmed, with costs and disbursements.

---

(48 Misc. Rep. 554)

### HAMILTON et al. v. PELONSKY.

(Supreme Court, Appellate Term. November 24. 1905.)

1. APPEAL—RECORD—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Where an appeal is from the judgment, and the case contains no exceptions, but it appears from a remark of the trial justice that he granted plaintiff's motion for the direction of a verdict, "subject to the exceptions as taken by the defendant," the cause will be reviewed as if the case showed that proper exceptions had been taken.

2. SALES—SALE BY SAMPLE—WARRANTY—BREACH—WAIVER.

Where a sale of goods was by sample, and they were delivered by direction of the purchaser to a mill to be subjected to a certain process, and the purchaser did not discover that there was a variance between the sample and the goods until they had been returned to him from the mill, he was entitled to maintain an action for damages for the breach of warranty.

Appeal from City Court of New York.

Action by Edmund H. Hamilton and another against Nathan A. Pelonsky. From a judgment in favor of plaintiffs and dismissing defendant's counterclaim, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Myers & Goldsmith (E. J. Myers, of counsel), for appellant.

Blandy, Mooney & Shipman (Charles Blandy, of counsel), for respondents.

SCOTT, P. J. Although the case on appeal contains no exceptions, and the appeal is only from the judgment, we feel bound to assume, from the remark of the trial justice that he granted plaintiffs' motion for the direction of a verdict, "Subject to the exceptions as taken by the defendant," either that the defendant did in fact take the proper exceptions, which by inadvertence were omitted from the printed case, or else that there was a mutual understanding between court and counsel that the defendant should be considered as taking the exceptions necessary to present the question of law discussed at some length at the close of the case. In either case we should consider the appeal as if the case showed that proper exceptions had been taken. Snelling v. Yetter, 25 App. Div. 590, 47 N. Y. Supp. 917.

The action is for goods sold and delivered. The answer, admitting the sale and delivery, alleges by way of counterclaim that the sale was made by sample, and that by reason of this breach of warranty the defendant has suffered damage. The defendant, admitting everything